# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WARREN RICHARDSON, )
)
                Plaintiff, )
) CIVIL ACTION
v. )
) No. 12-1313-KHV
RUSTY ECK FORD, INC., )
)
                Defendant. )
_____)

## MEMORANDUM AND ORDER

Warren Richardson brings employment claims against Rusty Eck Ford, Inc., alleging sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. Plaintiff also asserts a state law claim for retaliation in violation of Kansas public policy. This matter comes before the Court on defendant's Motion To Dismiss (Doc. #11) filed September 21, 2012 and Plaintiff's Response To Defendant's Motion to Dismiss And Plaintiff's Concurrent Motion To File First Amended Complaint (Doc. #14) filed October 12, 2012. Defendant seeks dismissal of plaintiff's Title VII and ADEA claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). In response, plaintiff seeks leave to file an amended complaint. For reasons stated below, the Court overrules defendant's motion to dismiss and sustains plaintiff's motion to file the proposed amended complaint.

## Legal Standards

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction. Devon Energy Prod. Co., L.P. v. Mosaic Potash, 693 F.3d 1195, 1201 (10th Cir. 2012). The party who seeks to invoke federal jurisdiction bears the

burden of establishing that such jurisdiction is proper. Id. Mere conclusory allegations of jurisdiction are not enough. United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995). "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." Id. at 1003 (internal citations omitted). Here, defendant challenges the facts upon which subject matter jurisdiction over plaintiff's Title VII and ADEA claims depend.

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See

id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of framing his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 1950. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

Leave to amend is a matter committed to the sound discretion of the district court. See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1132 (10th Cir. 1987). Rule 15(a)(2), Fed. R. Civ. P., provides that "the court should freely give leave when justice so requires." A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment. Wilkerson v. Shinseki, 606 F.3d 1256, 1267 (10th Cir. 2010). A proposed amendment is futile if the amended complaint would be subject to dismissal.

Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007).

**Factual Background**

On January 26, 2012, plaintiff filed a discrimination charge against Rusty Eck Ford with the Kansas Human Rights Commission ("KHRC"). Doc. #12-1. On the KHRC charge form, plaintiff marked the boxes for "sex," "retaliation" and "age" discrimination. In the section provided to indicate the earliest and latest date that discrimination took place, plaintiff typed "June 30, 2011," and did not mark the box labeled "continuing action." Id.

In the narrative section of the KHRC form, plaintiff stated as follows:

**I. Age Discrimination:**

1. My date of birth is May 8, 1961.

2. The differing treatment afforded me by my supervisors and the governing body of my employer, Rusty Eck Ford, has adversely affected the terms and conditions of my employment, inclusive of the termination of my employment.

3. I believe that I have been the victim of age discrimination as a result of the foregoing.

**II. Sex Discrimination:**

1. I was subjected to sexually unwelcome treatment during the course of my employment with Respondent.

2. The sexually unwelcome treatment to which I was subjected in the workplace created a hostile work environment.

3. I notified upper management of Respondent of my concerns as regards the sexually hostile workplace to which I was subjected, but my expressions of concern were ignored by Respondent.

4. The misconduct referenced above was ongoing, unwelcome and was allowed to continue after I advised Respondent of same.

5. As of June 30, 2011, I have been denied further employment opportunities by Respondent, as a result of my complaint.

  6. I have suffered damage as a direct result of the foregoing.

**III. Retaliation:**

l. I was subjected to sexually unwelcome treatment during the course of my employment with Respondent.

2. The sexually unwelcome treatment to which I was subjected in the workplace created a hostile work environment.

3. I notified upper management of Respondent of my concerns as regards the sexually hostile workplace to which I was subjected, but my expressions of concern were ignored by Respondent.

4. The misconduct referenced above was ongoing, unwelcome and was allowed to continue in retaliation for my protected conduct in reporting the same.

5. I have suffered damage as a direct result of the foregoing.

6. Prior to the involuntary termination of my employment by Respondent, I registered [a] complaint about sex discrimination to Respondent.

7. I was retaliated against by Respondent, and terminated in violation of my rights to be free from sex discrimination in the workplace and my complaint re same.

Id. at 3-4. On May 21, 2012, the EEOC issued plaintiff a notice of right to sue under Title VII and the ADEA.

  On August 16, 2012, plaintiff filed a petition in the District Court of Sedgwick County, Kansas. The petition asserts that plaintiff was a successful male employee for Rusty Eck during an unstated time period, and that he was "subjected to mistreatment and sexually unwelcome harassment, directed at him by his supervision." Petition, Doc. #1-1, at 2. Count I alleges that plaintiff endured inappropriate and unwelcome harassment of a sexual nature which created a hostile work environment, that he registered "proper concern and/or complaint as to the unwelcome sexual harassment," and that defendant failed to take action and terminated plaintiff on June 30, 2011. Id. Count II incorporates the allegations of Count I and asserts that defendant terminated plaintiff's

employment in retaliation for his complaint of sexual harassment. Count III alleges that plaintiff was born on April 8, 1961, that he served as a managerial employee and that "the differing treatment afforded to [him] by his supervisors and the governing body of his employer" adversely affected the terms and conditions of his employment "inclusive of the involuntary termination" of his employment in violation of his right to be free from age discrimination. Count IV alleges that defendant fired him in retaliation for voicing concerns about fraudulent treatment of employees and/or customers. As to each claim, plaintiff seeks actual and punitive damages of $75,000 or more. On August 27, 2012, defendant removed the case to this Court. Notice Of Removal (Doc. #1).

In response to defendant's motion to dismiss, plaintiff filed a motion to file a first amended complaint. The proposed amended complaint contains the allegations as set forth above, but adds factual allegations. Count I (sexual harassment), alleges that defendant's supervisory employees Danny Aldiwen, Craig Minton and Mike Sell made repeated unwelcome sexual comments to plaintiff including continuous gay jokes and innuendos, stating that plaintiff was an expert at giving blow jobs, that he was trying to get into a co-worker's bedroom and that he was a "fag." [Proposed] First Amended Complaint (Doc. #14-1) filed October 12, 2012, at 2. It further alleges that plaintiff complained about these comments to defendant's general manager, Craig Minton, and that defendant failed to remedy the harassment. Finally, it alleges that defendant terminated plaintiff's employment on or about June 30, 2011. Count II of the proposed amended complaint incorporates the allegations of Count I and further alleges that defendant terminated his employment because of his complaints about unwelcome sexual harassment. Count III of the proposed amended complaint alleges that plaintiff was born on April 8, 1961 and that he served as a managerial employee of defendant from an unspecified date until his termination. It asserts that Minton referred to plaintiff as "old and slow" and told plaintiff that plaintiff was "too old and too slow." Id. at 5. Count III alleges that defendant terminated him in

violation of his right "to be free from age discrimination." Id.

## **Analysis**

Defendant seeks to dismiss plaintiff's ADEA and Title VII claims of sexual harassment and retaliation under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies. In the alternative, defendant asks the Court to dismiss plaintiff's ADEA and Title VII claims under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim on which relief may be granted. Plaintiff disputes defendant's arguments, asserting that he has exhausted his remedies and that the complaint is sufficient. In the alternative, plaintiff seeks leave to amend the complaint. Defendant contends that the proposed amended complaint is futile as to plaintiff's ADEA claim, but concedes that the proposed amended complaint sufficiently alleges Title VII claims for sexual harassment and retaliation.

### **I. Exhaustion Of Administrative Remedies**

Filing a charge of discrimination with the EEOC is a jurisdictional prerequisite to the institution of a lawsuit based on a claim of employment discrimination under Title VII and the ADEA. See Alcivar v. Wynne, 268 Fed. Appx. 749, 753 (10th Cir. 2008) (Tenth Circuit has consistently held that exhaustion is jurisdictional prerequisite to suit under Title VII and not merely condition precedent to suit) (citing Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005)). Without such a filing, federal courts lack subject matter jurisdiction to entertain discrimination claims under Title VII. See Carmody v. SCI Colo. Funeral Servs., Inc., 76 F. Supp.2d 1101, 1103-1104 (D. Colo. 1999).[1] Because failure to exhaust is a bar to subject matter jurisdiction,

---

[1] After the Supreme Court decision in Jones v. Bock, 549 U.S. 199 (2007), the Tenth Circuit has expressed concern whether failure to exhaust administrative remedies is still a jurisdictional prerequisite to suit. See Bates v. New Mex. Corr. Dep't, 2010 WL 4339367, at *10,
(continued...)

the burden is on plaintiff to show by competent evidence that he did exhaust. McBride v. CITGO Petroleum Corp., 281 F.3d 1099, 1106 (10th Cir. 2002).

To exhaust administrative remedies, a plaintiff generally must present his claim to the EEOC or authorized state agency (in Kansas, the KHRC) and receive a right to sue letter based on that charge. The charge "shall be in writing and signed and shall be verified," 29 C.F.R. § 1601.9, and must at a minimum identify the parties and "describe generally the action or practices complained of," 29 C.F.R. § 1601.12(b). The charge tells the EEOC or KHRC what to investigate, provides the opportunity to conciliate the claim and gives the charged party notice of the alleged violation. Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003) (exhaustion requirement serves dual purposes of ensuring that administrative agency has opportunity to investigate and conciliate claims and providing notice of claims to charged party).

A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the

---

[1](...continued)
n.2 (D. N. Mex. September 30, 2010) (citing Alcivar, 268 Fed. Appx. at 753) (noting that Bock held that under Prison Litigation Reform Act, exhaustion is affirmative defense to be raised by defendant and not jurisdictional pleading requirement); McQueen v. Colo. Springs Sch. Dist. No. 11, 488 F.3d 868, 874 (10th Cir. 2007) (although courts have repeatedly referred to exhaustion requirement as jurisdictional, recent Supreme Court jurisprudence in other contexts casts doubt on that characterization). Recent Tenth Circuit decisions indicate that Bock did not demote the exhaustion requirement from a jurisdictional prerequisite to an affirmative defense, at least in the Title VII context. Bertsch v. Overstock.com, 684 F.3d 1023, 1030 (10th Cir. 2012); see Pretlow v. Garrison, 420 Fed. Appx. 798, 803, n.4 (10th Cir. March 22, 2011) (noting that some panel decisions have "wondered aloud" whether in light of Bock, Tenth Circuit should revisit rule that exhaustion is jurisdictional prerequisite for plaintiff in employment context, but stating "[w]e remain, however, bound by extant circuit precedent on the matter"); see also Martinez v. Target Corp., No. 09-2112, 2010 WL 2616651, at *3 n.2 (10th Cir. July 1, 2010) (plaintiff "does not point us to a single decision-of this or any other court-applying Bock in the context of a Title VII or ADEA case").

EEOC. MacKenzie v. City & Cnty. of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). In determining whether plaintiff has exhausted administrative remedies as to a particular claim, courts liberally construe EEOC charges. Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007); Mitchell v. City & Cnty. of Denver, 112 Fed. Appx. 662, 667 (10th Cir. 2005) (more lenient pleading standard contemplates fact that administrative charges of unlawful employment practices are regularly filled out by employees who do not have benefit of counsel). The charge, however, must contain facts concerning the discriminatory and retaliatory actions underlying each claim. Jones, 502 F.3d at 1186 (each discrete incident of alleged discrimination or retaliation constitutes "unlawful employment practice" for which plaintiff must exhaust administrative remedies).

Defendant relies on three cases from this district which have found vague EEOC charges insufficient to meet the exhaustion requirement. In Manning v. Blue Cross & Blue Shield of Kansas City, No. 11-2012-SAC, 2012 WL 2449843, at *1 (D. Kan., June 26, 2012), aff'd, No. 12-3190, 2013 WL 1490803 (10th Cir., April 12, 2013), one plaintiff filed a KHRC race charge which stated "I was unequally treated as compared to others, as a result of my race; I have been denied employment opportunities; [and] I have been the victim of Race discrimination as a result of the above, and actions taken against me by Respondent." Another plaintiff filed a race charge which stated "I have been subjected to an unwelcome working environment as a result of my race; [and] I have been the victim of Race discrimination as a result of the above, and actions taken against [me] by Respondent." Id. at *2. Judge Crow found that the vague, generalized language of plaintiffs' EEOC charges "neither identif[ied] the parties involved, nor generally describe[d] the acts or practices complained of," and thus did not meet the fundamental purposes of an administrative submission: "to protect employers by giving them notice of the discrimination claims being brought against them,

[and to provide] the EEOC with an opportunity to conciliate the claims." Id. (citing Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1195 (10th Cir. 2004)). Judge Crow therefore ruled that plaintiffs had failed to exhaust administrative remedies and dismissed their race discrimination and retaliation claims for lack of subject matter jurisdiction. Id. at *2, 13 (finding in alternative that even if court had subject matter jurisdiction, complaint failed to state claim under Fed. R. Civ. P. 12(b)(6)).

In an unpublished opinion, a panel of the Tenth Circuit recently affirmed dismissal of the Title VII claims in Manning for failure to exhaust, reasoning as follows:

> There is nothing in any of the plaintiffs' EEOC charges that would have put the defendants on notice that they were alleging that their non-hire for the job openings in October and November 2009 was based on race discrimination or in retaliation for any protected opposition to discrimination.

Manning, 2013 WL 1490803, at *2 (EEOC charges completely lacked any factual specificity and failed to describe particular actions and practices complained of).

In Pierson v. K.W. Brock Directories, Inc., No. 07-2588-CM, 2008 WL 2782755, at *3 (D. Kan. July 7, 2008), plaintiff's administrative charge asserted: "I was sexually harassed at work. I complained to management about it and finally felt forced to quit. This is a violation of the law. I wish to cooperate fully with the EEOC investigation. I will provide any additional information needed." Judge Murguia noted that the administrative charge did not contain any "description of the action or practices complained of." Id. (quoting 29 C.F.R. § 1601.12(b)). Further, after defendant denied that plaintiff had complained to management, the EEOC invited plaintiff to offer additional information. Plaintiff did not do so, thus precluding the agency from investigating the allegations or conciliating the claims. Id. The Court dismissed the plaintiff's complaint, finding that the administrative charge did little more than cite legal conclusions, and thus was too generic to meet EEOC regulatory requirements.

In Allen v. Magic Media, Inc., No. 09-4139-SAC, 2010 WL 4739748, at *9 (D. Kan. Nov. 16, 2010), plaintiff asserted that "[i]n June of 2008, [she] was subjected to ridicule." Judge Crow sua sponte held that the Court lacked subject matter jurisdiction over plaintiff's Title VII hostile work environment claim because plaintiff had failed to exhaust administrative remedies. Judge Crow reasoned as follows:

> [T]his vague reference is to an unspecified event occurring on only one date, and does not suggest that whichever unnamed person ridiculed her did so on the basis of her age or sex, or did so severely or persistently, or occupied a supervisory or other position which could render the defendant liable. The allegations in plaintiff's EEOC charge, even when read most liberally and viewed collectively, would not put defendant on notice that plaintiff was alleging a hostile work environment claim, and would not reasonably lead the EEOC to an investigation of such a claim.

Id. The common theme of these cases is that although the standard for exhaustion is a low one, a charge must provide enough information to give an employer notice of the claims. Defendant argues that the administrative charge in this case does not provide any facts concerning the actions underlying the claim, but "simply regurgitates the legal elements" of plaintiff's three federal causes of action. See Doc. #12 at 3.

A.   ADEA Age Discrimination

As to age discrimination, plaintiff marked the box for "Age Discrimination" on his EEOC charge. The narrative portion of the charge then states that plaintiff's date of birth is May 8, 1961, that "differing treatment" by supervisors and defendant's "governing body" adversely affected the terms and conditions of his employment, including termination, and that "I believe that I have been the victim of age discrimination as a result of the foregoing." Doc. #14-2. Although this charge is certainly not a model of clarity, it asserts – read liberally – that plaintiff's supervisors and those in charge terminated his employment because of age. Further, on the cover sheet of the charge, plaintiff

-11-

wrote June 30, 2011 in the space for the "latest date discrimination took place." The Court thus finds that the charge gave defendant notice of plaintiff's claim that Rusty Eck discriminated against him on the basis of his age in terminating his employment. This was minimally sufficient to meet the fundamental purposes of an administrative submission: to protect the employer by giving notice of the discrimination claims against it and to provide the EEOC an opportunity to conciliate the claims.

B. <u>Title VII Sexual Harassment</u>

As to plaintiff's claim of sexual harassment, defendant argues that as in <u>Pierson</u>, the charge fails to set out any facts as to the alleged "sexually unwelcome treatment" and does not identify any individual who engaged in the unwelcome treatment.[2] See <u>Pierson</u>, 2008 Wl 2782755 at *3. The EEOC charge states that during the course of plaintiff's employment, unspecified individual(s) subjected him to unspecified ongoing sexually unwelcome treatment which resulted in a hostile work environment. It states that plaintiff notified "upper management" of his concerns but they ignored his concerns, and the "misconduct" continued. The charge alleges that the misconduct was "ongoing" and identifies June 30, 2011 as the last date that discrimination took place; thus the charge can be read to allege that the sexually unwelcome treatment occurred throughout plaintiff's employment.

In his proposed amended complaint, plaintiff alleges that defendant subjected him to a sexually hostile work environment, that three named supervisory employees repeatedly made specified unwelcome sexual comments, and that he complained to management. His KHRC charge alleges generally that defendant subjected him to a sexually hostile work environment which

---

[2] In <u>Pierson</u>, after defendant denied the administrative charge, the EEOC requested additional information from plaintiff and she did not respond. 2008 WL 2782755, at *3. Here, plaintiff was not afforded that opportunity.

-12-

continued after he complained to management. This charge would logically prompt the KHRC to investigate sexual harassment. Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007) (plaintiff's claim in federal court generally limited by scope of administrative investigation that can reasonably be expected to follow charge of discrimination submitted to EEOC). The Court finds that the administrative charge was sufficient to provide the required notice to defendant and to give the EEOC an opportunity to conciliate the claim of sexual harassment. See Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1260 (10th Cir. 1998) (charge that identified type of discrimination complained of, alleged harasser, and approximate time period was "minimally sufficient" to satisfy requirements for contents of charge of discrimination and purposes of notice requirement).

C.   Title VII Retaliation

As to retaliation, the administrative charge essentially incorporates the assertions in the charge of sexual harassment. It further states that after plaintiff registered a complaint of a hostile work environment with upper management, defendant retaliated by terminating his employment. While sparse, the Court finds that this charge was sufficient to provide notice to defendant that plaintiff was complaining of retaliation for protected activity, and to allow the EEOC an opportunity to conciliate the claim.

**II.   Motion For Leave To Amend/Motion To Dismiss Under 12(b)(6)[3]**

A.   ADEA Age Discrimination

Defendant asserts that the proposed amended complaint is futile because it does not adequately allege a plausible claim of age discrimination. The ADEA prohibits employers from

---

[3] As noted, defendant asserts that the Court should deny plaintiff's motion for leave to amend as futile because he failed to exhaust administrative remedies. The Court has rejected this argument.

discriminating on the basis of age. 29 U.S.C. § 623.[4] To state a prima facie claim for age discrimination, plaintiff must allege that (1) he is a member of the class protected by the ADEA, that is, over 40 years of age; (2) he was doing satisfactory work; (3) he suffered an adverse employment action; and (4) the employer intended to discriminate against him on the basis of age. Kitchen v. Burlington N. & Santa Fe Ry. Co., 298 F. Supp.2d 1193, 2000 (D. Kan. 2004). To state a claim under the ADEA, plaintiff must show that "age was 'the but-for' cause of the employer's adverse action." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009). Although plaintiff need not establish a prima facie case of discrimination to survive a motion to dismiss, "the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim." Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012). Further, under Twombly and Iqbal, "a plaintiff should have at least some relevant information to make the claims plausible on their face." Id. at 1193.

In support of his ADEA claim, plaintiff alleges that (1) he was over 40 years old when defendant terminated his employment; (2) he was successfully performing his job; (3) at unspecified time(s), defendant's general manager referred to him as old and slow and told him that he was too old and too slow; and (4) his termination violated his right to be free from age discrimination. Doc. #14-1. Taken as true, plaintiff's allegations establish that he is in the protected age group, that he was doing satisfactory work, that his manager made ageist remarks, and that defendant terminated his employment. In ruling on defendant's motion to dismiss, the Court must accept plaintiff's allegations as true and construe them in a light most favorable to plaintiff. On this record, defendant

---

[4] The ADA provides that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1).

has not shown that as a matter of law plaintiff cannot prevail on his ADEA claim. Therefore, as to plaintiff's ADEA claim, the Court finds that defendant's motion to dismiss should be overruled and plaintiff's motion to amend should be sustained.

B.  Title VII Sexual Harassment and Retaliation Claims

Defendant concedes that the proposed amended complaint adequately sets forth Title VII claims for sexual harassment (Count I) and retaliation (Count II). Therefore, as to plaintiff's Title VII claims, plaintiff's motion to amend is sustained, and defendant's motion to dismiss is overruled as moot.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #11) filed September 21, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Response To Defendant's Motion To Dismiss And Plaintiff's Concurrent Motion To File First Amended Complaint (Doc. #14) filed October 12, 2012 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that on or before April 23, 2013, plaintiff may file the proposed amended complaint.

Dated this 19th day of April, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge
